1  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   Gregory Bernstein (Cal. Bar No. 299204)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: 213-894-3183
7       Email:     Gregory.Bernstein@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9
                    UNITED STATES DISTRICT COURT
10
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| In re: Investigation of Robert Aslanyan et al. | No. 2:22-MJ-3482<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

18       Plaintiff, United States of America, by and through its counsel

19  of record, the Acting United States Attorney for the Central

20  District of California and Assistant United States Attorney Gregory

21  Bernstein, and Robert Aslanyan ("Aslanyan" or "the target"), by and

22  through Gonzales's attorney (collectively the "parties"), for the

23  reasons set forth below, request that the Court enter the proposed

24  Protective Order (the "Protective Order") governing the use and

25  dissemination of personal identifying information ("PII") of real

26  persons pursuant to Federal Rule of Criminal Procedure Rule 16(d).

27

28

1    <u>Introduction and Grounds for Protective Order</u>

2    1.    The government is investigating Aslanyan for potential

3    violations of of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud),

4    1344 (bank fraud), 1028A (aggravated identity theft), 1956 (money

5    laundering), and 1349 (conspiracy to commit mail and wire fraud)

6    ("Target Offenses"). The government wishes to produce pre-indictment

7    discovery to Aslanyan.

8    2.    A Protective Order is necessary because the government

9    intends to produce to the defense materials potentially containing

10    third parties' PII. The government believes that disclosure of this

11    information without limitation risks the privacy and security of the

12    information's legitimate owners. Because the government has an

13    ongoing obligation to protect third parties' PII, the government

14    cannot produce to the targets an unredacted set of discovery

15    containing this information without the Court entering the

16    Protective Order. Moreover, PII makes up a significant part of the

17    discovery in this case and such information itself, in many

18    instances, has evidentiary value. If the government were to attempt

19    to redact all this information in strict compliance with Federal

20    Rule of Criminal Procedure 49.1, the Central District of

21    California's Local Rules regarding redaction, and the Privacy Policy

22    of the United States Judicial Conference, the defense would receive

23    a set of discovery that would be highly confusing and difficult to

24    understand, and it would be challenging for defense counsel to

25    adequately evaluate the case, provide advice to the target, or

26    prepare for trial.

27    3.    The purpose of the Protective Order is to (a) allow the

28    government to comply with its discovery obligations while protecting

1  this sensitive information from unauthorized dissemination, and

2  (b) provide the defense with sufficient information to adequately

3  represent the target.

4     Definitions

5        4.    The parties agree to the following definitions:

6           a.    "PII Materials" includes any information that can be

7  used to identify a person, including a name, address, date of birth,

8  Social Security number, driver's license number, telephone number,

9  account number, email address, or personal identification number.

10          b.    "Confidential Information" refers to any document or

11 information containing PII Materials that the government produces to

12 the defense pursuant to this Protective Order and any copies

13 thereof.

14          c.    "Defense Team" includes (1) the target's counsel of

15 record ("defense counsel"); (2) other attorneys at defense counsel's

16 law firm who may be consulted regarding case strategy in this case;

17 (3) defense investigators who are assisting defense counsel with

18 this case; (4) retained experts or potential experts; and

19 (5) paralegals, legal assistants, and other support staff to defense

20 counsel who are providing assistance on this case. The Defense Team

21 does not include the target, the target's family members, or any

22 other associates of the target.

23    Terms of the Protective Order

24       5.    The parties jointly request the Court enter the Protective

25 Order, which will permit the government to produce Confidential

26 Information in a manner that preserves the privacy and security of

27 third parties. The parties agree that the following conditions in

28 the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend, "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," or otherwise denoted as subject to the protective order in the discovery index. The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

b.    If the target objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding the target's objection, the target may apply to the Court to have the designation removed.

c.    The target and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including the target, while outside the presence of the Defense Team.

e.    At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of the target, regardless of the target's custody status.

f.    The target may review PII only in the presence of a member of the Defense Team, who shall ensure that the target is

1  never left alone with any PII Materials. At the conclusion of any

2  meeting with the target at which the target is permitted to view PII

3  Materials, the target must return any PII Materials to the Defense

4  Team, and the member of the Defense Team present shall take all such

5  materials with him or her. The target may not take any PII Materials

6  out of the room in which the target is meeting with the Defense

7  Team.

8         g.   The target may see and review Confidential

9  Information as permitted by this Protective Order, but the target

10  may not copy, keep, maintain, or otherwise possess any Confidential

11  Information in this case at any time. The target also may not write

12  down or memorialize any data or information contained in the

13  Confidential Information.

14         h.   The Defense Team may review Confidential Information

15  with a witness or potential witness in this case, including the

16  target. A member of the Defense Team must be present if PII

17  Materials are being shown to a witness or potential witness. Before

18  being shown any portion of Confidential Information, however, any

19  witness or potential witness must be informed of, and agree in

20  writing to be bound by, the requirements of the Protective Order. No

21  member of the Defense Team shall permit a witness or potential

22  witness to retain Confidential Information or any notes generated

23  from Confidential Information.

24         i.   The Defense Team shall maintain Confidential

25  Information safely and securely, and shall exercise reasonable care

26  in ensuring the confidentiality of those materials by (1) not

27  permitting anyone other than members of the Defense Team, the

28  target, witnesses, and potential witnesses, as restricted above, to

1  see Confidential Information; (2) not divulging to anyone other than

2  members of the Defense Team, the target, witnesses, and potential

3  witnesses, the contents of Confidential Information; and (3) not

4  permitting Confidential Information to be outside the Defense Team's

5  offices, homes, vehicles, or personal presence.

6       j.   To the extent that the target, the Defense Team,

7  witnesses, or potential witnesses create notes that contain, in

8  whole or in part, Confidential Information, or to the extent that

9  copies are made for authorized use by members of the Defense Team,

10  such notes, copies, or reproductions become Confidential Information

11  subject to the Protective Order and must be handled in accordance

12  with the terms of the Protective Order.

13       k.   The Defense Team shall use Confidential Information

14  only for the litigation of this matter and for no other purpose.

15  Litigation of this matter includes any appeal filed by the target

16  and any motion filed by the target pursuant to 28 U.S.C. § 2255. In

17  the event that a party needs to file Confidential Information with

18  the Court or divulge the contents of Confidential Information in

19  court filings, the filing should be made under seal. If the Court

20  rejects the request to file such information under seal, the party

21  seeking to file such information publicly shall provide advance

22  written notice to the other party to afford such party an

23  opportunity to object or otherwise respond to such intention. If the

24  other party does not object to the proposed filing, the party

25  seeking to file such information shall redact any PII Materials and

26  make all reasonable attempts to limit the divulging of PII

27  Materials.

28

l.     The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," or otherwise being denoted as subject to the protective order on the discovery index, the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m.     Confidential Information shall not be used by the target or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Upon request by the government, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

n.     In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S.

1  Attorney assigned to the case. New defense counsel then will become

2  the Defense Team's custodian of materials designated subject to the

3  Protective Order and shall then become responsible, upon the

4  conclusion of appellate and post-conviction proceedings, for

5  (1) returning to the government, certifying the destruction of, or

6  retaining pursuant to the California Business and Professions Code

7  and the California Rules of Professional Conduct all PII Materials.

8            o.    Defense counsel agrees to advise the target and all

9  members of the Defense Team of their obligations under the

10  Protective Order and ensure their agreement to follow the Protective

11  Order, prior to providing the target and members of the Defense Team

12  with access to any materials subject to the Protective Order.

13            p.    Defense Counsel has conferred with the target

14  regarding this stipulation and the proposed order thereon, and the

15  target agrees to the terms of the proposed order.

16            q.    Accordingly, the parties have agreed to request that

17  the Court enter a Protective Order in the form submitted herewith.

18      IT IS SO STIPULATED.

19  Dated: September 2, 2022   STEPHANIE S. CHRISTENSEN
                               Acting United States Attorney

20

21                             SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division
22

23                             /s/ Gregory Bernstein
                               Gregory Bernstein
24                             Assistant United States Attorney

25                             Attorneys for Plaintiff
                               UNITED STATES OF AMERICA
26

27                             /s/ George Mgdesyan (email authorization)
                               George Mgdesyan, attorney for Robert
28                             Aslanyan